RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 17 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MARQUIS M. SCOTT** | **CIVIL ACTION NO. 1:11CV2137** |
| **VERSUS** | **JUDGE DRELL** |
| **RAPIDES PARISH DETENTION CENTER II and III** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Marquis M. Scott filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Concordia Parish Correctional Facility I in Ferriday, Louisiana. He complains that he was denied adequate medical care after cutting his finger with a knife. He names as defendants Rapides Parish Detention Centers II and III.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff was ordered by this Court to amend and supplement his compliant because, in his original complaint, he did not provide any facts as to how, when, and by whom his constitutional rights were allegedly violated. He was instructed to amend his complaint and state the name of each person who allegedly deprived him of medical care, describe what each defendant did to violate his constitutional rights, state the place and date(s) that each violation occurred, and give a description of the alleged injury sustained as a result of each alleged violation.

Plaintiff supplemented his complaint with very little information. He states that he cut his finger when he was housed at Rapides Parish Detention Center III. He states that a doctor appointment was scheduled for June 26, 2011, and he was provided a bandage. On an unspecified date, he asked the warden if he could change his bandage. Plaintiff was taken to the medical department at Detention Center II, and his bandage was changed. He complains that it took three days to get his prescribed pain medication. At some point, he was transferred to a facility in Ferriday.

He submitted a letter to the court regarding incidents that allegedly occurred at his current facility in Ferriday, but those are unrelated to the facts alleged in his complaint and amended complaint in this case.

### Law and Analysis

Plaintiff was a pretrial detainee throughout the time of the incidents complained of. The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), *quoting* Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996). In Hare, the Fifth Circuit explained the constitutional standards applicable to pretrial detainees in local jails. "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or

2

restrictions of pretrial confinement.'" Scott, 114 F.3d at 53, *quoting* Hare, 74 F.3d at 644. In such a case, if the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective, the condition is unconstitutional. See Scott, 74 F.3d at 53. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials. See Hare, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837-840 (1994).

In Woodall v. Foti, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing

3

the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992); Woodall, *supra*.

Plaintiff complains of a finger injury. This is an episodic act. Assuming that his cut finger constitutes a serious medical need, Plaintiff has not alleged that any defendant acted with deliberate indifference to that need. He was provided bandages and medication. Although it took a couple of days to get his medication, a delay in medical care does not state a constitutional claim unless it results in serious harm.

*To the extent that Plaintiff complains about new incident(s) that allegedly occurred at his current place of confinement, Concordia Parish Correctional Facility, Plaintiff must file a new civil suit and submit a new application to proceed in forma pauperis.*

### Conclusion

Therefore, **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE,** pursuant to 28 U.S.C. §1915(e), for failure to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 16th day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5